**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cv-02409-TC-TJJ

———————

LESLIE SHORTEY,

*Plaintiff*

v.

KANSAS CITY SHIPPERS ASSOCIATION, ET AL.,

*Defendants*

———————

**MEMORANDUM AND ORDER**

Leslie Shortey, proceeding pro se, sued her former employer, Kansas City Shippers Association, alleging unlawful discrimination pursuant to 42 U.S.C. § 2000e *et seq.* Docs. 1, 2. The Association filed a motion to dismiss for failure to state a claim. Doc. 14. For the following reasons, that motion is granted and Shortey's complaint is dismissed.

**I**

**A**

**1.** A federal district court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement … showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two "working principles" underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Penn Gaming*, 656 F.3d at 1214. Second, a court accepts as true all remaining

allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts, viewed in the light most favorable to the claimant, must move the claim from conceivable to plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). In other words, the nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

Ordinarily, a motion to dismiss is decided on the basis of the pleadings alone, along with any exhibits attached to the complaint. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). But a "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted); *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

**2.** Shortey proceeds pro se. Federal courts construe pro se pleadings generously. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, and apparent unfamiliarity with pleading requirements. *Id.* But it does not permit a court to construct legal theories on a litigant's behalf, assume facts not pled, or act as his or her advocate. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**B**

Leslie Shortey alleges that the Association discriminated against her in violation of Title VII, 42 U.S.C. § 2000e *et seq*. Doc. 1 at 2.[1] She does not say much about her employment or its duration, but asserts that she worked for the Association as "a designated bookkeeper [for its] finances, accounts receivable, accounts payable, payroll, taxes, insurance, and audits." Doc. 1 at 3. As a bookkeeper, Shortey was required "to provide accurate reports . . . [and] adhere to all federal, generally accepted accounting practices (GAAP), and state regulations." Doc. 1 at 3.

Shortey presses two theories of unlawful discrimination: retaliation and hostile work environment. Specifically, she contends that the Association unlawfully retaliated against her after she "discover[ed] vital information being deleted and other illegal acts revolving around money." Doc. 1 at 3.[2] And, in Shortey's view, other Association employees engaged in discriminatory behavior and failed to intervene when she was "subjected to discrimination, black-balling, sabotage, [and] humiliation," creating a hostile work environment. Doc. 1 at 3.[3]

**C**

Shortey filed a grievance with the Equal Employment Opportunity Commission (EEOC), which issued her a letter of determination and notice of right to sue on June 7, 2023. Doc. 1-1. The EEOC letter informed Shortey that she must file her lawsuit within 90 days of her receipt of the notice. Doc. 1-1.

---

[1] All document citations are to the document and page number assigned in the CM/ECF system.

[2] Shortey also alleges the Association is liable for failing to adhere to its own policies. Doc. 1 at 3. That allegation does not support a Title VII claim. *See Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1222 (10th Cir. 2007) (noting that the "mere fact that an employer failed to follow its own internal procedures" is insufficient to show its actions were discriminatory).

[3] There is no individual liability under Title VII. As such, Shortey's allegations against individual employees will be treated as allegations against her employer. *See Haynes v. Williams*, 88 F.3d 898, 899–901 (10th Cir. 1996) (citing *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993)).

Shortey filed this suit against the Association on September 13, 2023. Doc. 1 at 1–3.[4] The Association moved to dismiss for failure to state a claim, Doc. 14, and for lack of prosecution, Doc. 19. After the Association filed its motion to dismiss for lack of prosecution, Doc. 19, Shortey was directed show cause by January 19, 2024, why her claim should not be dismissed for failure to state a claim and/or prosecute under Rule 41(b). Doc. 20. Shortey then filed her response, which opposed both motions. Doc. 21. As a result, the motion to dismiss for lack of prosecution, Doc. 19, is denied.

## II

Shortey's Title VII claims are time barred. But even if they were not, Shortey does not plausibly allege a claim for relief.[5] Accordingly, the Associaton's motion to dismiss, Doc. 14, is granted.

## A

Failure to timely file suit after receiving a right-to-sue letter is fatal. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). After reieving an EEOC right-to-sue letter, a plaintiff has 90 days to file. 42 U.S.C. § 2000e-5(f)(1). The 90-day period generally begins on the date the plaintiff actually receives the EEOC right-to-sue notice. *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). When the date of receipt is unknown or in dispute, courts often assume that the letter was received either three or five days after mailing. *See Lozano v. Ashcroft*,

---

[4] Shortey alleges jurisdiction is proper, in part, under 28 U.S.C. § 1343. Doc. 1 at 2. The Association says she cannot sue under 42 U.S.C. § 1983, a typical vehicle for claims under Section 1343, because it was not acting under color of state law. Doc. 15 at 7. There is no need to address such a defense. Shortey sues for violations of Title VII, not Section 1983, *see* Doc. 2 at 2. *See generally* 10A Wright & Miller, Fed. Prac. & Proc. § 8311 (2d ed. 2023) (explaining that many jurisdictional statutes, including 28 U.S.C. § 1343, are made redundant by Section 1331).

[5] The Association also asserted that dismissal is proper because the Association lacks the requisite number of employees to be an "employer" as defined by Title VII. That issue cannot be resolved on the face of the Complaint.. . *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) ("A motion to dismiss . . . is properly considered under Rule 12(b)(6) if the court analyzes only the complaint itself."); *see also Williams v. Evogen, Inc.*, No. 12-2620, 2013 WL 969808, *3 (D. Kan. Mar. 12, 2013) (holding that the employer's defense that it had too few employees to be covered was not cognizable on a motion to dismiss).

258 F.3d 1160, 1164 (10th Cir. 2001) (three-day presumption); *see also Ross v. Staffmark Grp.*, 855 F. App'x 455, 457 (10th Cir. 2021) (five-day presumption). These presumptions can be rebutted by sworn testimony or other admissible evidence indicating receipt at a later date. *See Lozano*, 258 F.3d at 1166.

Shortey's suit must be dismissed because it is untimely. She filed this suit 98 days after the EEOC issued its right-to-sue letter on June 7, 2023. Doc. 1-1 at 1. Neither party alleges a date of receipt, Doc. 1 at 4; Doc. 21, but even applying a five-day presumption, Shortey received the EEOC letter on June 12, 2023. Yet this lawsuit was not filed until 93 days later on September 13, 2023. As a result, her claim is time barred. *See Ross v. Coleman Co.*, No. 19-4115, 2020 WL 5747916 (D. Kan. Sept. 25, 2020), *aff'd sub nom. Ross v. Staffmark Grp.*, 855 F. App'x 455 (10th Cir. 2021) (applying five-day presumption of receipt to dismiss pro se plaintiff's claim as time-barred).

Shortey cites *Couveau v. Am. Airlines, Inc.* for the proposition that her suit was timely filed. Doc. 21 at 3 (citing 218 F.3d 1078 (9th Cir. 2000)). But *Couveau*, even were it binding, is factually and procedurally distinguishable. In that case, the plaintiff had filed two separate charges of discrimination and received two right-to-sue letters from the agency, several years apart. *Id.* at 1083–84. The issue was which of them governed the timelieness inquiry. The Ninth Circuit held that the plaintiff was entitled to rely on the more recent charge for statute of limitations purposes because the discriminatory allegations she made in litigation, even though encompassed by the first right-to-sue letter, were "reasonably related to" the allegations underlying the second letter. *Id.* at 1084. Unlike *Couveau*, Shortey received only one right-to-sue letter, had 90 days from receipt of that letter to file a claim, and failed to do so, making her claim untimely.

Nor does Shortey raise any entitlement to equitable tolling. She cites *Morgan* for the proposition that her Title VII allegations are timely because discrimination is ongoing. Doc. 21 at 3. But *Morgan* addresses the timeliness of a hostile work environment grievance filed with the relevant administrative agency pursuant to 42 U.S.C. § 2000e-5(e)(1), not the timeliness of a suit filed in federal court after receiving a right-to-sue notice under 42 U.S.C. § 2000e-5(f). 536 U.S. 101, 118 (2002). And since Shortey does not offer another viable explanation, like deception, she is not entitled to equitable tolling. *See Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021) ("Equitable tolling is appropriate only where the employer has committed active deception lulling a plaintiff into inaction.").

**B**

Even if Shortey's complaint were not time-barred, dismissal would still be appropriate. That is because she does not plausibly allege a hostile-work-environment or a retaliation claim.

**1**

Shortey's complaint fails to establish any of the required elements for a hostile work environment claim. Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Title VII also protects employees from hostile work environments. *Young v. Colo. Dep't of Corrections*, 94 F.4th 1242, 1249 (10th Cir 2024).

To establish a hostile-work-environment claim under Title VII, a plaintiff must allege "(1) membership in a protected class; (2) that [s]he was subjected to unwelcome harassment; (3) the harassment was due to [the plaintiff's membership in a protected class]; and (4) the harassment was so severe or pervasive that it altered a term, condition, or privilege of his [or her] employment and created an abusive environment." *Young*, 94 F.4th at 1249.[6] Factors to assess the severity and pervasiveness of the alleged discriminatory conduct include "the frequency and severity of the discriminatory conduct; whether the conduct is physically threatening or humiliating or merely an offensive utterance; and whether the conduct unreasonably interferes with an employee's work performance." *Id.* at 1251. In any case, a plaintiff must "show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Shortey's complaint fails on many grounds. For one thing, she does not allege she is a member of a protected class. Race, color, religion, sex, and national origin are all protected classes under Title VII. *See* 42 U.S.C. § 2000e–2(a)(1). Shortey's response hints that her claim may be

---

[6] At this stage, Shortey is not required to set forth a prima facie case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002). But the prima facie framework remains helpful "to determine whether [Shortey] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973)).

a result of her race or sex, *see* Doc. 21 at 1 (claiming the company had disdain for African American bookkeepers), *see also* Doc. 1 at 4 (using female pronouns), but it is unclear which membership(s) are the basis for her claim. *Cf. Kelly v. Topeka Hous. Auth.*, No. 04-4069, 2004 WL 2378839 (D. Kan. Oct. 13, 2004), *aff'd*, 147 F. App'x 723 (10th Cir. 2005) (dismissing a Fair Housing Act claim because the complaint's allegations of racial profiling was insufficient to determine membership in a protected class).

Moreover, Shortey does not include specific facts in her complaint that show she was subjected to unwelcome harassment. She makes only conclusory statements that she endured "black-balling, sabotage, [and] humiliation." Doc. 1 at 3. Title VII requires a plaintiff to show that the work environment was subjectively and objectively hostile. An objectively hostile work environment is one "that a reasonable person would find hostile or abusive." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993). In other words, conclusory statements that the environment was hostile are not enough. *See Somoza v. Univ. of Denver*, 513 F.3d 1206, 1218 (10th Cir. 2008). Shortey needed to provide specific details about the precise conduct or statements she experienced on the job and the frequency of the conduct such that it was plausible that she was subjected to an objectively hostile or abusive environment. *See Young,* 94 F.4th at 1251 (explaining that "specific facts" are necessary to determine whether the conduct could be objectively perceived as severe or pervasive); *See also McDermott v. GMD-100, LLC,* No. 14-2296, 2014 WL 6895922, at *3 (D. Kan. Dec. 5, 2014) (holding that "unwelcome conduct of a sexual nature," "sexual comments and innuendo, and offensive bodily contact" were all too conclusory to survive a 12(b)(6) motion to dismiss).

There are other fatal deficiencies. The third element requires tying the alleged harassment to her membership in a protected class. *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1170 (10th Cir. 2018). But there are no allegations as to which protected class(es) Shortey contends is applicable to her. As to the fourth element, it is impossible to determine whether the alleged harassment was so severe or pervasive as to alter a term, condition, or privilege of Shortey's employment because she does not allege that she was subject to any harassment in the first instance. Accordingly, Shortey has not pled facts from which to find that her working environment was abusive. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("[G]eneral assertions of discrimination and retaliation, without any details whatsoever … are insufficient to survive a motion to dismiss).

## 2

Shortey's complaint also fails to state a plausible retaliation claim. To state a claim for retaliation under Title VII, a plaintiff must show "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Khalik*, 671 F.3d at 1193. Protected activity under Title VII is either opposing any unlawful employment practice under Title VII or participating in or initiating any Title VII proceeding. See 42 U.S.C. § 2000e-3(a).

Shortey contends that the Association unlawfully retaliated against her after she "discover[ed] vital information being deleted and other illegal acts revolving around money." Doc. 1 at 3. But Shortey does not allege that she engaged in any Title VII protected activity when she reported the Association's alleged "illegal acts," as they all appear to sound in violations of the criminal law and/or corporate policy. None are alleged to be or have any connection to any Title VII proceeding or an unlawful employment practice. *See Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002); *see also Davis v. James*, 597 F. App'x 983, 987 (10th Cir. 2015) (explaining that whistleblowing about timecard fraud was not protected activity because it was not conduct made unlawful by Title VII).

## III

For the foregoing reasons, Defendant's motion to dismiss for lack of prosecution, Doc. 19, is DENIED. Defendant's motion to dismiss for failure to state a claim, Doc. 14, is GRANTED.

It is so ordered.

Date: July 25, 2024                    s/ Toby Crouse
                                        Toby Crouse
                                        United States District Judge

8